UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


ANTHONY STOKES, #365677

        Petitioner,

                                      CASE NO. 06-CV-10734
v.                                  HONORABLE GEORGE CARAM STEEH
                                    UNITED STATES DISTRICT JUDGE
HUGH WOLFENBARGER,         HONORABLE MONA K. MAJZOUB
                                    UNITED STATES MAGISTRATE JUDGE

               Respondent.

_____/

ANTHONY STOKES, #365677              MICHAEL A. COX
Macomb Correctional Facility         ATTORNEY GENERAL
34625 - 26 Mile Road                 Raina Korbakis (P49467)
New Haven, MI 48048               Assistant Attorney General
                                    Attorney for Respondent
                                    Appellate Division
                                    PO Box 30217
                                    Lansing, MI 48909
                                    (517) 373-4875


**Respondent's Answer in Opposition to Petition for Writ of Habeas Corpus**

**Relevant Facts and Procedural History**


       Following a jury trial, Petitioner Anthony Stokes was convicted of assault with intent to

do great bodily harm less than murder, assault with intent to murder, first-degree home invasion,

and felony-firearm.  In May 2001, Petitioner was sentenced to 5-to-10 years in prison for the

assault with intent to do great bodily harm less than murder conviction, 25-to-40 years on the

conviction for assault with intent to murder, 7 ½-to-20 years for the home invasion conviction,

and 2 years on the felony-firearm charge.  Petitioner's home invasion sentence was made

consecutive to the two assault convictions while the felony-firearm sentence was to be served

prior and consecutive to all other sentences.  Petitioner's convictions stem from an incident that occurred in August 2000.  The victim, Sharon Taylor, along with two officers, found Petitioner in Taylor's house uninvited.  Petitioner opened fire against the officers and shots were exchanged.  Petitioner later ran down the street after Taylor—who had run out the door—and fired at her.[1]

In August 2001, Petitioner filed a direct appeal with the Michigan Court of Appeals and raised the following claims through counsel:

    I.        [Petitioner] was denied the effective assistance of counsel where his trial counsel failed to request that [Petitioner] be evaluated for criminal responsibility.

    II.       [Petitioner] was denied the effective assistance of counsel where trial counsel allowed [Petitioner] to be sentenced based upon the incorrect sentencing grid location for the assault with intent to do great bodily harm and home invasion convictions.

The People filed an answer in response.  (People's answer dated 2/4/03)  Petitioner filed a supplemental brief alleging that the failed to exercise due diligence in securing the presence of a res gestae witness—Detroit Police Officer Mitchell—and that the jury instruction given by the trial court was insufficient to cure the prejudice created by Officer Mitchell's absence.  The People filed a response.  (People's response dated 7-15-03)  On July 29, 2003, the Court of Appeals issued an unpublished per curiam opinion affirming Petitioner's convictions but remanding the matter for correction of the sentencing information reports on the home invasion and assault with intent to do great bodily harm less than murder convictions.  (*People v Stokes*, Court of Appeals No. 235905)

---

[1] Additional facts will be provided as needed.  Respondent objects to Petitioner's statement of facts to the extent that such statements are not supported by the record.

In September 2003, Petitioner filed an application for leave to appeal with the Michigan Supreme Court and raised the same claims that he raised in the Court of Appeals.  On January 27, 2004, the Michigan Supreme Court issued an order denying Petitioner's application because it was not persuaded that the questions presented should be reviewed.  (*People v Stokes*, Michigan Supreme Court No. 124643)

In June 2004, Petitioner filed a motion for relief from judgment with the trial court and raised the following claims in his brief:

I.      [Petitioner] was deprived of his Sixth and Fourteenth Amendment rights under state and federal constitutions to have the effective assistance of appellate counsel on his one and only appeal of right.

   A.      [Petitioner's] appellate counsel ignored significant and obvious issues while pursuing weaker claims.

   B.      [Petitioner's] appellate counsel failed to investigate the facts and circumstances of his case and therefore failed to properly raise and argue [Petitioner's] claims of ineffective assistance of trial counsel on direct appeal.

II.     [Petitioner] was deprived of his Sixth and Fourteenth Amendment rights under the state and federal constitutions to have effective assistance of counsel for his defense.

   A.      [Petitioner] was deprived of a fair trial because of trial counsel's ineffective assistance in failing to have a res gestae witness produced at trial and deprived [Petitioner] a substantial defense.

   B.      [Petitioner's] trial attorney failed to investigate the facts and circumstances of his case and therefore failed to present a defense at trial.

III.    [Petitioner] was deprived of his constitutional right to a fair trial and due process of law by the cumulative effect of errors.

IV.     [Petitioner] has established good cause and actual prejudice required by MCR 6.508(D) and is entitled to relief from judgment.

On September 22, 2004 the trial court issued an opinion and order denying Petitioner's motion for relief from judgment.

On April 7, 2005, the Court of Appeals denied Petitioner's delayed application for failure to meet the burden of establishing entitlement to relief under MCR 6.508(D).  (*People v Stokes*, Court of Appeals No. 258406)  On October 31, 2005, the Michigan Supreme Court issued an order denying Petitioner's application because Petitioner failed to meet the burden of establishing entitlement to relief under MCR 6.508(D).  (*People v Stokes*, Michigan Supreme Court No. 128534)

In February 2006, Petitioner filed a habeas petition and brief.  Petitioner raises the following claims in his brief:

    I.      The Petitioner was deprived of his Sixth and Fourteenth Amendment rights under the United States Constitution to have the effective assistance of counsel for his defense.

           A.      The Petitioner was denied the effective assistance of counsel where his trial counsel failed to request that the Petitioner be evaluated for criminal responsibility.

           B.      Petitioner was denied the effective assistance of counsel where trial counsel allowed Petitioner to be sentenced based upon the incorrect sentencing grid location for the assault with intent to do great bodily harm and home invasion counts.

    II.     Petitioner was deprived of his due process rights provided by the Fourteenth Amendment to the United States Constitution where the prosecutor failed to exercise due diligence in securing the presence of a res gestae witness at trial.

    III.    Petitioner was deprived of his Sixth and Fourteenth Amendment rights under the United States Constitution to have the effective assistance of counsel for his one and only appeal.

           A.      The Petitioner's appellate counsel ignored significant and obvious issues while pursuing weaker claims.

      B.     The Petitioner's appellate counsel failed to investigate the facts and circumstances of his case and therefore to properly raise and argue Petitioner's claims of ineffective assistance of trial counsel on direct appeal.

IV.    Petitioner was deprived of his Sixth and Fourteenth Amendment rights under the United States Constitution to have the effective assistance of counsel for his defense.

      A.     Petitioner's trial counsel failed to have a res gestae witness produced at trial which deprived Petitioner a substantial defense.

      B.     Petitioner's trial counsel failed to investigate the facts and circumstances of his case and therefore failed to present a defense at trial.

V.    Petitioner was deprived of his United States Constitutional right to a fair trial and due process of law by the cumulative effect of errors.

VI.    Petitioner has demonstrated good cause for not raising habeas claims III through V on direct appeal and actual prejudice as a result of multiple violations of his constitutional rights to a fair trial and due process of law.

Respondent now answers the petition and requests that habeas relief be denied for the reasons stated below.  In addition, Respondent asserts any and all available defenses including failure to exhaust State court remedies, the statute of limitations, and procedural default for each claim to which it is applicable.  To the extent that any of the alleged trial errors are meritorious, Respondent asserts that they did not have a substantial impact or influence on the outcome of Petitioner's trial.

**Standard of Review**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) altered the standard of review that federal courts must apply when reviewing applications for a writ of habeas corpus.  The AEDPA applies to all habeas petitioner filed after the effective date of the

act, April 24, 1996.  Because Petitioner's application was field after April 24, 1996, the

provisions of the AEDPA, including the amended standard, apply to this case.

As amended, 28 USC § 2254(d) imposes the following standard of review that a federal

court must utilize when reviewing applications for a writ of habeas corpus:

> (d)  An application for a writ of habeas corpus on behalf of a person in
> custody pursuant to the judgment of a State court shall not be granted with respect
> to any claim that was adjudicated on the merits in State court proceedings unless
> the adjudication of the claim-
>
>> (1)  resulted in a decision that was contrary to, or involved an
>> unreasonable application of, clearly established Federal law, as
>> determined by the Supreme Court of the Untied States, or
>>
>> (2)  resulted in a decision that was based on an unreasonable
>> determination of the facts in light of the evidence presented in the
>> State court proceeding.

Under 28 USC § 2254(d)(1), the writ may issue only if one of two conditions is

satisfied—the State court adjudication resulted in a decision that (1) "was contrary to . . . clearly

established Federal law, as determined by the Supreme Court of the United States," or (2)

"involved an unreasonable application . . . of clearly established Federal law, as determined by

the Supreme Court of the United States."  Under the "contrary to" clause, a federal habeas court

may grant the writ if the State court arrives at a conclusion opposite to that reached by the

Supreme Court on a question of law or if the State court decides a case differently than the

Supreme Court has on a set of materially indistinguishable facts.  Under the "unreasonable

application" clause, a federal habeas court may grant the writ if the State court identifies the

correct governing principle from the Supreme Court's decision but unreasonably applies that

principle to the facts of the prisoner's case.  *Williams v Taylor*, 529 US 362 (2000),

> [I]n § 2254(d)(1), Congress specifically used the word "unreasonable,"  and not a
> term like "erroneous" or "incorrect."  Under § 2254(d)(2)'s "unreasonable

application" clause, then, a federal habeas court may not issue the writ simply because the court concludes in its independent judgment that the relevant state-court decision applied clearly established law erroneously or incorrectly.  Rather, that application must also be unreasonable.  *Id.*

Even prior to the enactment of the AEDPA, the Supreme Court stated that a "federal habeas court, should, of course, give great weight to the considered conclusions of a coequal state judiciary."  *Miller v Fenton*, 474 US 104, 112 (1985).  The Supreme Court has recently again warned the federal courts against too readily granting habeas relief simply because it disagrees with the State court's decision.  In *Miller-El v Cockrell*, 537 US 322, 340 (2003), the Supreme Court stated:  "A federal court's collateral review of a State-court decision must be consistent with the respect due State courts in our federal system."  In *Woodford v Visciotti*, 537 US 19, 24 (2002), the Supreme Court stated 28 USC § 2254(d) imposes a highly deferential standard for evaluating State court rulings on habeas review, and "demands that State court decisions be given the benefit of the doubt."  The Supreme Court further stated that a "readiness to attribute error is inconsistent with the presumption that State courts know and follow the law."  *Woodford*, 537 US at 24.

<u>**Argument**</u>

I.    **Petitioner's first habeas claim is without merit and the State court adjudications of this claim were neither contrary to, nor an unreasonable application of, clearly established Supreme Court precedent, or an unreasonable determination of the facts.**

      In his habeas action, Petitioner first claims that his attorney was constitutionally ineffective when he: 1) failed to request that Petitioner be evaluated for criminal responsibility, and 2) allowed Petitioner to be sentenced based upon an incorrect sentencing grid.  Petitioner raised these claims on direct appeal but the Court of Appeals rejected them:

> Defendant first contends that he was denied effective assistance of counsel when his attorney failed to request that defendant be evaluated for criminal responsibility. We disagree. . . .
>
> To establish a denial of effective assistance of counsel, a defendant must demonstrate that counsel's performance was deficient and that the deficiency was prejudicial to the defendant. *People v Daniel*, 207 Mich App 47, 58; 523 NW2d 830 (1994). Defendant claims his trial attorney should have pursued a psychiatric evaluation for him before trial because defendant had exhibited behavior warranting such an evaluation. For purposes of determining whether defendant was denied effective assistance of counsel, we consider whether the omission of the evaluation denied defendant the opportunity to present an insanity defense that had a reasonable likelihood of success. *People v Nyberg*, 140 Mich App 160, 165-166; 362 NW2d 748 (1984). There is little evidence in the trial record to conclude an insanity defense would have had even a narrow possibility of success. One police officer testified that the victim had mentioned that defendant was suicidal. Another police officer testified that the victim had told him she had received a threatening message from defendant that he was going to kill her and then himself.
>
> Unless defendant has an extensive history of mental instability, a trial counsel's failure to pursue a psychiatric evaluation or raise an insanity defense does not constitute ineffective assistance of counsel. *People v Parker*, 133 Mich App 358, 363; 349 NW2d 514 (1984). Because the evidence in this case fails to establish such an extensive history, defendant cannot show either that trial counsel's failure to pursue a criminal responsibility evaluation constituted deficient performance, or that he suffered any prejudice because he was not evaluated. *Id*.

* * *

Defendant last argues that he was denied effective assistance of counsel because he was sentenced on the assault with intent to do great bodily harm less than murder and first-degree home invasion convictions based upon incorrect sentencing guidelines. We disagree. Because the current offenses occurred in August 2000, the Michigan statutory sentencing guidelines apply as set forth at MCL 777.1 *et seq*. Under the sentencing guidelines act, a court must impose a sentence in accordance with the appropriate sentence range. MCL 769.34(2), *People v Hegwood*, 465 Mich 432, 438; 636 NW2d 127 (2001).

The record shows that defense counsel and prosecutor agreed at the sentencing hearing the offense variables would be scored as follows: OV1, 25 points; OV2, five points; OV3, zero points; OV4, ten points; OV5, zero points; OV6, 50 points; OV7, zero points; OV8, zero points; OV9, 10 points; OV10, 15 points. As the points for OV6 do not apply to the first-degree home invasion and assault with intent to do great bodily harm less than murder convictions, defendant's offense variable point total is 65 on these two convictions (Grid D-V). Therefore, the guideline ranges of 29 to 71 months on the assault conviction, and 78 to 162 months on the home invasion conviction, were correctly calculated and applied by the trial court. Because the sentences imposed were within the proper guidelines ranges, defendant is not entitled to relief. *People v Babcock*, 244 Mich App 64, 73; 624 NW2d 479 (2000)(*Babcock I*); MCL 769.34(10).

Defendant's convictions are affirmed, and we remand for correction of the sentencing information reports for the home invasion and assault with intent to do great bodily harm less than murder convictions. We do not retain jurisdiction. [*People v Stokes*, unpublished per curiam opinion, Court of Appeals No. 235905]

The Sixth Amendment right to counsel and the right to effective assistance of counsel protect the fundamental right to a fair trial. *Strickland v Washington*, 466 US 668 (1994). To show that he was denied the effective assistance of counsel under federal constitutional standards, Petitioner must demonstrate that, considering all of the circumstances, (1) counsel's performance fell below the objective standard of reasonableness and so prejudiced Petitioner that he was denied a fair trial and (2) a reasonable probability exists that, but for counsel's conduct, the result would have been different. *Strickland*, 466 US at 669, 694. The performance component of the *Strickland* test of ineffective assistance of counsel need not be addressed first;

if it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, that course should be followed.  *Smith v Robbins*, 528 US 259 (2000).

Judicial scrutiny of counsel's performance must be highly deferential.  Courts presume that an attorney is competent and the burden rests upon the defendant to show a constitutional violation.  *United States v Pierce*, 62 F3d 818, 833 (CA 6, 1995).  A strong presumption exists that counsel's behavior lies within the wide range of reasonable professional assistance.  *O'Hara v Wigginton*, 24 F3d 823, 828 (CA 6, 1994).  Petitioner must also overcome the presumption that under the circumstances, the challenged action might be considered sound trial strategy.  *Strickland*, 466 US at 689.  The *Strickland* Court cautioned that courts must take care to avoid second-guessing strategic decisions that did not prove successful.  *Strickland*, 466 US at 694.

Here, the Michigan Court of Appeals correctly concluded that Petitioner's claim that trial counsel was ineffective for failing to pursue a psychiatric evaluation was without merit because the omission of the evaluation did not deny Petitioner the opportunity to present an insanity defense that had a reasonable likelihood of success.  As the Court of Appeals noted, there is little evidence on the record to conclude that an insanity defense would have had even a narrow possibility of success.  Assistant Prosecutor Larry Roberts also correctly argued that there was no evidence that Petitioner did not understand the wrongfulness of his actions:

> [D]efendants actions and words never supported a reasonable conclusion that he was incapable of understanding the impropriety of his conduct.
>
> Before breaking into Taylor's house through an unalarmed window, defendant had called her many times.  He had left voicemail messages.  He had warned her about getting a PPO.  He had entered her house uninvited and thus, caused her to change locks.  On the day in question, defendant was upstairs, hiding, when Taylor and two police officers arrived.
>
> Defendant came to the top of the stairs and began shooting at two uniformed officers.  Taylor ran out of the house.  Defendant followed, shooting at the officers who retreated into the basement.  Defendant ran after Taylor down the

street, firing his 9 mm. pistol many times.  Only when other officers responded to a call for help did defendant cease firing at Taylor.

There is nothing in the record of this cause [sic] which would have caused defense counsel to pause and evaluate whether defendant was criminally responsible.  Defendant's contacts with Taylor and his words and actions showed planning, deliberation and goal-oriented behavior.  He brought bullets to the house to use in his plan and his unstable emotional attachment to Taylor fueled his conduct even in the face of two armed officers.

Trial counsel did not commit a mistake which can be said to have prejudiced defendant's right to a fair trial.  Nothing was present which would have supported a possible defense of lack or criminal responsibility.  [People's answer dated 2/4/03, pp 6-8, Court of Appeals No. 235905]

Regarding Petitioner's other ineffective assistance of counsel claim, the Court of Appeals noted that Petitioner failed to show the requisite prejudice because the guidelines ranges were correctly calculated and applied by the trial court.  For reasons noted by Assistant Prosecutor Roberts (People's brief dated 2/4/03, pp 9-11) and for reasons noted by the Court of Appeals in its opinion, Petitioner is not entitled to habeas relief on this claim.

Because the State court adjudications of Petitioner's were neither contrary to, nor unreasonable application of, clearly established Supreme Court precedent, or an unreasonable determination in light of the facts presented, Petitioner should be denied habeas relief on his ineffective assistance of counsel claims.

**II.      Petitioner's second habeas claim is not cognizable or without merit.**

In his second habeas claim, Petitioner alleges that his due process rights were violated

where the prosecutor failed to produce res gestae witness—Detroit Police Officer Pierre

Mitchell.  Petitioner raised this claim on direct appeal but the Court of Appeals rejected it:

> Defendant next argues in propria persona that the prosecutor failed to
> exercise due diligence in securing the presence of a res gestae witness, Officer
> Mitchell of the Detroit Police Department, and that the jury instruction given by
> the trial court, that the jury could infer that as a missing witness, Officer Mitchell
> would have testified unfavorably to the prosecution, was insufficient to cure the
> prejudice created by the Officer Mitchell's absence. We disagree.
>
> The prosecutor's duty with respect to res gestae witnesses is not as broad
> as that asserted by the defendant. As we held in *People v Perez*, 255 Mich App
> 703, 710; 662 NW2d 446 (2003), MCL 767.40a(1) and (2) require the prosecution
> to list any such witnesses actually known to the prosecution at the time the
> information is filed and up to the time of trial, and MCL 767.40a(3) requires the
> prosecution to provide defendant with a list of the witnesses the prosecution
> intends to call at trial not less than 30 days before trial. "MCL 767.40a(5) requires
> the prosecutor and the police to provide the defendant with assistance "to locate
> and serve process upon a witness" at the defendant's request," but does not
> actually impose a duty on the prosecution to produce the witness. *Id*. MCL
> 767.40a imposes no duty on the prosecution with respect to a res gestae witness
> once the prosecution has subpoenaed that witness, and the statute does not
> penalize the prosecution when the subpoenaed witness fails to honor the
> subpoena. *Id*.
>
> In the present case, the prosecution subpoenaed Officer Mitchell almost
> two months in advance of trial and did no [sic] learn until just prior to trial that he
> had been furloughed from the department. Despite attempts to contact him at his
> home, the prosecution was unable to reach him personally. Eventually, the
> prosecution was advised that Officer Mitchell was on vacation and would not
> return until the trial had been completed. The trial court instructed the jury that it
> could infer Officer Mitchell's testimony would be unfavorable to the prosecution.
> Pursuant to *Perez* and MCL 767.40a, once the prosecution subpoenaed Officer
> Mitchell for trial it had no obligation to do anything to produce him for trial.
> Thus, defendant was not prejudiced by any conduct of the prosecution. Moreover,
> the trial court's instruction to the jury that it could infer that Officer Mitchell
> would have testified favorably to the defendant, even though defendant was not
> entitled to this instruction, actually inured to defendant's benefit as he was
> acquitted by the jury of the charge that he assaulted Officer Mitchell with the
> intent to murder. We find no error requiring reversal. [*People v Stokes*,
> unpublished per curiam opinion, Court of Appeals No. 235905]

A court may only grant habeas relief to a petitioner "in custody in violation of the Constitution or laws or treaties of the United States." 28 USC § 2241(c)(3); 28 § USC 2254(a). Therefore, habeas relief may not be based upon perceived error of State law. *Estelle v McGuire*, 502 US 62 (1991); *Lewis v Jeffers*, 497 US 764 (1990); *Smith v Phillips*, 455 US 209 (1982).

In this case, petitioner has failed to establish that he had a federal constitutional right to the production of the alleged res gestae witnesses by the prosecution. In various unpublished opinions, the Sixth Circuit has held that the failure of a Michigan prosecutor to produce res gestae witnesses implicates no federal right.[2] Since Petitioner was not deprived of a federal constitutional right, his claim is not cognizable and he should be denied habeas relief on this claim.

Moreover, the Court of Appeals correctly noted that Petitioner has failed to show that he was prejudiced by any conduct by the prosecutor. The trial court instructed the jury that it could infer that Officer Mitchell's testimony would be unfavorable to the prosecution and the jury acquitted Petitioner of the charge that he assaulted Officer Mitchell with intent to murder.

For reasons noted by Assistant Prosecutor Roberts (People's supplemental answer dated 7/15/03, Court of Appeals No. 235905) and by the Court of Appeals in its opinion, and because the State court adjudications of Petitioner's claim were neither contrary to nor an unreasonable application of clearly established Supreme Court precedent or an unreasonable determination of the facts, Petitioner is not entitled to habeas relief on this claim.

---

[2] *Lewis v Jabe*, 1989 US App LEXIS 18249 (The res gestae requirement is a State law question and claims based on violations of State law are for the State courts to decide); *Smith v Elo*, 1999 US App LEXIS 29696 (Habeas petitioner is not entitled to relief on his claim that the prosecutor failed to call res gestae witnesses because issues of State law are not cognizable on federal habeas review); *Moreno v Withrow*, 1995 US App LEXIS 20537 (Claim the prosecutor failed to call a res gestae witness concerned a perceived error of State law which rarely serves as a basis for habeas corpus relief and does so only when, under federal constitutional law, the petitioner is denied fundamental fairness in the trial process).

**III.      Petitioner's remaining claims are procedurally defaulted and/or without merit.**

In his third habeas claim, Petitioner alleges that his appellate attorney was ineffective for ignoring significant and obvious issues while pursuing weaker claims and for failing to raise Petitioner's ineffective assistance of trial counsel claims on direct appeal.  In his fourth habeas claim, Petitioner alleges ineffective assistance of trial counsel.  Specifically, Petitioner claims that trial counsel was constitutionally ineffective in failing to have res gestae witness Officer Mitchell produced at trial and for failing to investigate the facts and circumstances of Petitioner's case and failing to present a defense.  In his fifth habeas claim, Petitioner alleges that the cumulative effect of the errors deprived him of a fair trial.  These claims appear to be procedurally defaulted.

Federal habeas review is barred where a State court declined to address a prisoner's federal claims because the prisoner failed to meet State procedural requirements.  In such cases, the State court judgment rests on independent and adequate State procedural grounds.  *Wainwright v Sykes*, 433 US 72 (1977); *Harris v Reed*, 489 US 255 (1989); *Coleman v Thompson*, 501 US 722 (1991).

In this case, Petitioner's remaining claims appear to be procedurally defaulted.  Petitioner raised these claims for the first time in his motion for relief from judgment.  The trial court denied Petitioner's motion based on MCR 6.508(D).  The Court of Appeals denied Petitioner's delayed application for leave to appeal for failure to establish grounds for relief pursuant to MCR 6.508(D).  (*People v Stokes*, Court of Appeals No. 258406)  Likewise, the Michigan Supreme Court denied Petitioner's application for leave to appeal because he failed to meet his burden of establishing entitlement to relief under MCR 6.508(D).  (*People v Stokes*, Michigan Supreme Court No. 128534)

For a claim to be procedurally defaulted on the basis of a State procedural rule the petitioner must have violated a procedural rule and the State court must have also based its decision on the procedural default. *Simpson v Jones*, 238 F3d 399 (CA 6, 2000). If a State prisoner defaults his federal claims in State court in a decision based on an independent and adequate State procedural rule, those claims cannot be reviewed in a habeas proceeding. *Coe v Bell*, 161 F3d 320 (CA 6, 1998). In order for the procedural default doctrine to apply, the last State court rendering a judgment in the case must have based its judgment on the procedural default. *Ylst v Nunnemaker*, 501 US 797, 803 (1991).

Here, the Michigan Court of Appeals and Michigan Supreme Court, the last State courts rendering a judgment in the case, based their decisions to deny Petitioner's applications for leave to appeal the trial court's denial of his motion for relief from judgment on Petitioner's failure to comply with MCR 6.508(D).[3] While the judgments were brief, they were based on an independent and adequate State procedural rule: Petitioner's procedural default of failing to raise these claims in his appeal of right. Since the State appellate courts were the last State courts rendering judgments in this case, their decisions denying Petitioner's claims on the basis of a State procedural bar prevents federal habeas review. *Simpson,* 238 F3d at 407.

A federal habeas petitioner who fails to comply with a State's procedural rules waives his right to federal habeas review absent a showing of "cause for noncompliance and some showing of actual prejudice resulting from the alleged constitutional violation" or some showing a fundamental miscarriage of justice. *Gravely v Mills*, 87 F3d 779 (CA 6, 1996).

To the extent that Petitioner attempts to establish cause to excuse his procedural default by claiming that his appellate counsel was ineffective for failing to raise his claims in his direct

---

[3] MCR 6.508(D) form order is invocation of procedural default. *Luberda v Trippett*, 211 F3d 1004 (CA 6, 2000).

appeal, he does not do so.  Attorney error will not constitute adequate cause to excuse a

procedural default unless it amounts to constitutionally ineffective assistance of counsel under

the criteria established in *Strickland v Washington*, 466 US 668 (1984).

The mere failure to raise a claim even if it is meritorious on appeal does not constitute

ineffective assistance of appellate counsel sufficient to establish cause to excuse a procedural

default.  *Rust v Zent*, 17 F3d 155 (CA 6, 1994).  In *Smith v Robbins*, 520 US 259, 288 (2000), the

United States Supreme Court stated:

> In *Jones v Barnes*, 463 US 745 [parallel citations omitted] (1983), we held that
> appellate counsel who files a merits brief need not (and should not) raise every
> nonfrivolous claim, but rather may select from among them in order to maximize
> the likelihood of success on appeal.  Notwithstanding *Barnes*, it is still possible to
> bring a *Strickland* claim based on counsel's failure to raise a particular claim, but
> it is difficult to demonstrate that counsel was incompetent.  See, e.g., *Gray v
> Greer*, 800 F2d 644, 646 (C.A. 7 1986)("Generally, only when ignored issues are
> clearly stronger than those presented, will the presumption of effective assistance
> of counsel be overcome"). . . .

See also *McMeans v Brigano*, 228 F3d 674 (CA 6, 2000)(Where claim was not "dead bang

winner," Petitioner's appellate counsel's failure to raise it on direct appeal did not constitute

cause to excuse procedural default).

In this case, the record reveals that various issues were raised in Petitioner's direct appeal

but that Petitioner's conviction was affirmed.  Petitioner fails to demonstrate that the issues that

were allegedly ignored by his appellate counsel in his direct appeal were clearly stronger than

those that were presented and he has failed to overcome the strong presumption that his counsel

was competent.  Since Petitioner has failed to establish cause for his procedural default, there is

no need to determine whether Petitioner can meet the prejudice prong of the "cause and

prejudice" test.  *Smith v Murray*, 477 US 527 (1986); *Long v McKeen*, 722 F2d 286 (CA 6,

1983).  Because Petitioner has failed to meet his burden of establishing cause and prejudice for

his procedural default, and because he has failed to establish a showing of a fundamental miscarriage of justice, federal habeas review is prohibited.

Even if this Court considers Petitioner's habeas claims, however, these claims are without merit. As noted above, to show that he was denied the effective assistance of counsel under federal constitutional standards, Petitioner must demonstrate that (1) counsel's performance fell below the objective standard of reasonableness and so prejudiced Petitioner that he was denied a fair trial and (2) a reasonable probability exists that, but for counsel's conduct, the result would have been different.

In this case, Petitioner can establish neither deficient performance nor prejudice from the failure to present Officer Mitchell. As the Court of Appeals noted, the prosecution fulfilled its obligation regarding Mitchell. Also, in light of the adverse witness instruction and the verdict rendered on the count involving Mitchell, Petitioner can not show prejudice. Regarding Petitioner's claim that his attorney was ineffective for failing to investigate and/or present an insanity defense, Respondent contends—for reasons noted by Assistant Prosecutor Roberts and by the Court of Appeals in its opinion—that Petitioner has failed to show either deficient performance or prejudice. Also, defense counsel *did* present a defense in this case—one that was arguably more consistent with the facts of the case. That it did not prove to be successful is not grounds for habeas relief. Petitioner has failed to demonstrate constitutionally ineffective assistance of trial counsel. Petitioner is also not entitled to habeas relief on a cumulative error theory. "[T]he Supreme Court has not held that distinct constitutional claims can be cumulated

to grant habeas relief." *Lorraine v Coyle*, 291 F3d 416, 447 (CA 6), opinion corrected on denial

of rehearing, 307 F3d 459 (CA 6, 2002), and cert. denied, 538 US 947 (2003).[4]

---

[4] Also, even if errors that might not be so prejudicial as to amount to a deprivation of due process when considered alone may cumulatively produce a trial setting that is fundamentally unfair, Petitioner has not established that any constitutional errors occurred in the State proceedings and cannot claim that his rights to due process were violated. Petitioner's trial may not have been perfect, but a review of the record reveals that it was fair. And as the Sixth Circuit Court of Appeals observed in United *States v Hajal*, 555 F2d 558, 569 (CA 6, 1977), "we have yet to review a perfect jury trial."

## Conclusion

For all of the foregoing reasons, Respondent respectfully requests that this Court deny

Petitioner habeas relief.  Respondent also opposes any request for discovery, evidentiary

hearings, bond, oral argument, or any other relief.

                                         Respectfully submitted,

                                         Michael A. Cox
                                         Attorney General


                                         s/ Raina Korbakis
                                         Assistant Attorney General
                                         Attorney for Respondent
                                         Appellate Division
                                         P.O. Box 30217
                                         Lansing, MI  48913
                                         (517) 373-4875
                                         korbakisr@michigan.gov
                                         (P49467)

Dated:  September 18, 2006
2006017755A/ Stokes Answer

**Certificate of Service**

I hereby certify that on September 18, 2006, I electronically filed the foregoing papers with the Clerk of the Court using ECF system which will send notification of such filing to the following:

Honorable George Caram Steeh
Magistrate Mona K. Majzoub

and I hereby certify that Kimberly S. Greenhoe has mailed by United States Postal Service the following papers to the following non-ECF participant:

Anthony Stokes, #365677
Macomb Correctional Facility
34625 26 Mile Road
New Haven, MI 48048

Honorable George Caram Steeh

MICHAEL A. COX
Attorney General

s/ Raina Korbakis
Assistant Attorney General
Appellate Division
P. O. Box 30217
Lansing, MI  48909
(517) 373-4875
korbakisr@michigan.gov
(P49467)