UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY J. STOKES,

    Petitioner,

v.                                                                                   Case No. 06-10734
                                                                              Honorable George Caram Steeh

HUGH WOLFENBARGER,

    Respondent,

_____/

**OPINION AND ORDER DENYING PETITIONER'S
"NOTICE OF APPEAL"–A CERTIFICATE OF APPEALABILITY
AND
DENYING LEAVE TO PROCEED ON APPEAL *IN FORMA PAUPERIS***

Petitioner has filed a "Notice of Appeal" [dkt. # 37], which this Court will construe as a motion for a certificate of appealability concerning this Court's denial of his petition for writ of habeas corpus, under 28 U.S.C. § 2254, on September 24, 2008. (Dkt. # 35.)

**I. Standard of Review**

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(a); Fed. R.App. P. 22(b). The Court must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R.App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997).

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the

constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, a district court may not conduct a full merits review but rather, it must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id.* at 336-37.

When a federal district court denies a habeas claim on procedural grounds without addressing the claim's merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack*, 529 U.S. at 484-85.

Having reviewed the matter, the Court concludes that Petitioner has failed to a make a substantial showing of the denial of a constitutional right as to his habeas claims; reasonable jurists would not find its assessment of Petitioner's constitutional claims debatable or wrong and would not find that its procedural ruling was in error.

## II. Discussion

### A. Ineffective Assistance of Counsel Claim

In its opinion and order denying Petitioner's petition, this Court found that Petitioner failed to satisfy the necessary elements for asserting a claim of ineffective assistance of counsel as set forth in *Strickland v. Washington*, 466 U.S. 669 (1984). The Court noted:

> [T]he Michigan Court of Appeals correctly concluded that Stokes' claim, that trial counsel was ineffective for failing to pursue a psychiatric evaluation, was without merit because the omission of

> the evaluation did not deny him the opportunity to present an
> insanity defense that had a reasonable likelihood of success. As
> the court of appeals noted, "[t]here is little evidence in the trial
> record to conclude an insanity defense would have had even a
> narrow possibility of success." Furthermore, regarding Stokes'
> other ineffective assistance of counsel claim, the court of appeals
> also correctly noted that he failed to demonstrate the requisite
> prejudice because the guidelines ranges were correctly calculated
> and applied by the trial court. Stokes is therefore not entitled to
> habeas relief on his ineffective assistance of counsel claims.

*Stokes v. Wolfenbarger*, No. 06-10734, slip op. at 14 (E.D. Mich. Sept. 24, 2008 ) (Steeh, J.) (citing *People v. Stokes*, No. 235905, 2003 WL 21751475, slip op. at 1 (Mich.App.Ct. July 29, 2003) (unpublished)).

Therefore, the Court finds that, because Petitioner's claim was directly contradicted by the record and fell short of what was required by *Strickland*, reasonable minds could not find that the denial of Petitioner's petition for writ of habeas corpus, regarding this claim, was debatable or wrong.

### B. Prosecutor's Conduct Claim

In his second habeas claim, Stokes argued that his due process rights were violated when the prosecutor failed to produce a *res gestae* witness–Detroit Police Officer Pierre Mitchell. In its opinion and order, the Court determined that the court of appeals correctly noted that Stokes failed to demonstrate that he was prejudiced by any of the prosecutor's conduct; the Court found that, because the trial court instructed the jury that it could infer that Officer Mitchell's testimony would be unfavorable to the prosecution, and, that the jury acquitted Stokes of the charge that he had assaulted Officer Mitchell with intent to murder, Petitioner was not prejudiced by the prosecutor's conduct. Therefore, the Court found that Stokes was not entitled to habeas relief regarding that claim. *Stokes*, No. 06-10734, slip op. at 16.

Regarding Petitioner prosecutorial misconduct claim, the Court finds that reasonable jurists would agree with its decision. Therefore, a certificate of appealability will not issue on Petitioner's second claim.

### C. Petitioner's Remaining Claims III-V

As discussed in this Court's opinion and order, Petitioner alleged in his third claim that appellate counsel was ineffective for (1) ignoring significant and obvious issues while pursuing weaker claims, and, (2) failing to raise his ineffective assistance of trial counsel claims on direct appeal. In his fourth habeas claim, Stokes also alleged that his trial counsel was ineffective because he (1) failed to have *res gestae* witness Officer Mitchell produced at trial, (2) failed to investigate the facts and circumstances of his case, and, (3) failed to present a defense. In his fifth habeas claim, Stokes alleged that the cumulative effect of the errors deprived him of a fair trial. The Court found those claims barred by procedural default, stating in pertinent part:

> In this case, the record reveals that various issues were raised in Stokes' direct appeal, but that his convictions were affirmed. Stokes fails to demonstrate that the issues that were allegedly ignored by his appellate counsel in his direct appeal were clearly stronger than those that were presented, and he has failed to overcome the strong presumption that his counsel was competent.
>
> Moreover, Stokes has not established that a fundamental miscarriage of justice has occurred. The miscarriage of justice exception requires a showing that a constitutional violation probably resulted in the conviction of one who is actually innocent. *Schlup v. Delo*, 513 U.S. 298, 326-27 (1995). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 624 (1998). "To be credible, [a claim of actual innocence] requires [a] petitioner to support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." *Schlup*, 513 U.S. at 324. Stokes has made no such showing.

Since Stokes has failed to establish cause for his procedural default, there is no need to determine whether he can meet the prejudice prong of the "cause and prejudice" test. *Smith v. Murray*, 477 U.S. 527 (1986); *Long v. McKeen*, 722 F.2d 286 (6th Cir. 1983). Because he has failed to meet his burden of establishing cause and prejudice for his procedural default, and, because he has failed to establish a showing of fundamental miscarriage of justice, the claims are not cognizable under federal habeas review. Therefore, he is not entitled to habeas relief on these remaining claims.

Moreover, Stokes is also not entitled to habeas relief on a cumulative error theory. "[T]he Supreme Court has not held that distinct constitutional claims can be cumulated to grant habeas relief." *Lorraine v. Coyle*, 291 F.3d 416, 447, (6th Cir. 2002), opinion corrected on denial of rehearing, 307 F.3d 459 (6th Cir. 2002), *cert. denied*, 538 U.S. 947 (2003).

*Stokes*, No. 06-10734, slip op. at 19-20.

Against that backdrop, the Court therefore concludes that Petitioner has not made a substantial showing of the denial of a constitutional right concerning his remaining habeas claims, and that reasonable jurists would not find its decision that these claims were procedurally defaulted in error.

### III. Conclusion

Accordingly, the Court **DENIES** Petitioner's "Notice of Appeal" [dkt. # 37], which the Court construed as a motion for a certificate of appealability. The Court further concludes that an appeal cannot be taken in good faith and thus **DENIES** leave to proceed on appeal *in forma pauperis*. *See* Fed. R.App. P. 24(a).

**IT IS SO ORDERED**.

Dated: October 6, 2008

S/George Caram Steeh

GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
October 6, 2008, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk

---